**CT Corporation**

**Service of Process Transmittal** Exhibit A
06/14/2017
CT Log Number 531400938

**TO:** General Counsel's Office
Great American Insurance Company
301 E 4th St, 15th Floor
Cincinnati, OH 45202

**RE:** Process Served in South Carolina

**FOR:** Great American Insurance Agency, Inc. (Domestic State: OH)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Stan Wloch, Pltf. vs. Great American Insurance Company, Dft. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Letter, Attachment(s), Summonses, Complaint(s) |
| **COURT/AGENCY:** | Calhoun County Court of Common Pleas, SC Case # 2017CP0900098 |
| **NATURE OF ACTION:** | Defendant breached its obligation under the policy by refusing to render payment in full within the limits of coverage for plaintiff's policy |
| **ON WHOM PROCESS WAS SERVED:** | CT Corporation System, Columbia, SC |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 06/14/2017 postmarked on 06/12/2017 |
| **JURISDICTION SERVED:** | South Carolina |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service of this summons (not counting the day you received it) |
| **ATTORNEY(S) / SENDER(S):** | Carl H. Jacobson<br>Uricchio Howe Krell Jacobson Toporek Theos & Keith, P.A.<br>PO Box 399<br>Charleston, SC 29042<br>843-723-7491 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via UPS Next Day Air , 1Z0399EX0117260902<br><br>Image SOP<br><br>Email Notification, General Counsel's Office clegal@gaig.com |
| **SIGNED:** | CT Corporation System |
| **ADDRESS:** | 2 Office Park Court<br>Suite 103<br>Columbia, SC 29223 |
| **TELEPHONE:** | 804-217-7255 |

Page 1 of 1 / RL

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL**

URICCHIO, HOWE, KRELL, JAC

ATT

CHARL



7008 2810 0001 2084 2676



02 1P   $ 001.09⁰
006321-3194   JUN 12 2017
MAILED FROM ZIP CODE 29401

CT Corporation
2 Office Park Court, Suite 103
Columbia, SC 29223



## URICCHIO, HOWE, KRELL, JACOBSON, TOPOREK, THEOS & KEITH, P.A.

ATTORNEYS AT LAW
17½ BROAD STREET
CHARLESTON, SC 29401

PAUL N. URICCHIO, JR. (1922-2000)
ARTHUR G. HOWE (1927-2004)
BARRY KRELL
CARL H. JACOBSON
ALAN D. TOPOREK
JERRY N. THEOS
GREGORY D. KEITH
JONATHAN F. KRELL
JEFF BUNCHER, JR.
MARGARET THEOS GUERRY
J. DEVEAUX STOCKTON

MAILING ADDRESS:
P.O. BOX 399
CHAS., SC 29402-0399

TELEPHONES:
(843) 723-7491
1-800-899-1683
FAX (843) 577-4179

June 12, 2017

**Via Certified Mail 7008 2810 0001 2084 2676**
CT Corporation
2 Office Park Court, Suite 103
Columbia, SC 29223

      RE:   Stan Wloch v. Great American Insurance Company
              Case No.: 2017-CP-09-00098

Dear Sir/Madam:

    Enclosed herewith and served upon you, please find a certified copy of the Summons and Complaint filed in the above-referenced matter. Please accept service as the Registered Agent of record for the Defendant, Great American Insurance Company. Please sign the Acceptance of Service where indicated return it to me in the envelope that I have provided.

    With kindest personal regards, I am

    Sincerely,

URICCHIO, HOWE, KRELL, JACOBSON,
TOPOREK, THEOS & KEITH, P.A.

Carl H. Jacobson

CHJ/lsm
Enclosures

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| COUNTY OF CALHOUN | ) | |
| | ) FILED | |
| Stan Wloch | ) | CIVIL ACTION COVERSHEET |
| | ) 2017 Plaintiff(s) | |
| | ) | 2017-CP-09-00098 |
| vs. | ) KENNETH HAST CLERK OF COURT CALHOUN COUNTY ST. MATTHEWS, SC | |
| Great American Insurance Company | ) | |
| | ) Defendant(s) | |

| Submitted By: Carl H. Jacobson | SC Bar #: | 2942 |
|---|---|---|
| Address: PO Box 399 | Telephone #: | 843-723-7491 |
| Charleston, SC 29402 | Fax #: | 843-577-4179 |
| | Other: | |
| | E-mail: | carl@uricchio.com |

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)
*If Action is Judgment/Settlement do not complete*

X  JURY TRIAL demanded in complaint.    ☐ NON-JURY TRIAL demanded in complaint.
☐  This case is subject to ARBITRATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
X  This case is subject to MEDIATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐  This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Conversion (310) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Motor Vehicle Accident (320) | ☐ Condemnation (410) |
| ☐ General (130) | ☐ Medical Malpractice (220) | ☐ Premises Liability (330) | ☐ Foreclosure (420) |
| ☐ Breach of Contract (140) | Previous Notice of Intent Case # | ☐ Products Liability (340) | ☐ Mechanic's Lien (430) |
| X Fraud/Bad Faith (150) | 20____-NI-____-____ | ☐ Personal Injury (350) | ☐ Partition (440) |
| ☐ Failure to Deliver/ Warranty (160) | ☐ Notice/ File Med Mal (230) | ☐ Wrongful Death (360) | ☐ Possession (450) |
| | ☐ Other (299) _____ | ☐ Assault/Battery (370) | ☐ Building Code Violation (460) |
| ☐ Employment Discrim (170) | | ☐ Slander/Libel (380) | ☐ Other (499) _____ |
| ☐ Employment (180) | | ☐ Other (399) _____ | |
| ☐ Other (199) _____ | | | |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) _____ | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Public Service Comm. (990) |
| Special/Complex /Other | | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Petition for Workers Compensation Settlement Approval (780) | |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | | ☐ Other (999) |
| ☐ Medical (620) | ☐ Out-of State Depositions (650) | ☐ Other (799) _____ | |
| ☐ Other (699) _____ | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | | |
| ☐ Sexual Predator (510) | ☐ Pre-Suit Discovery (670) | | |
| ☐ Permanent Restraining Order (680) | | | |

Submitting Party Signature: _____    Date: 5/25/17

Note: Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

**Effective January 1, 2016,** Alternative Dispute Resolution (ADR) is mandatory in all counties, pursuant to Supreme Court Order dated November 12, 2015.

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**Pursuant to the ADR Rules, you are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs.

4. Cases are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b. Requests for temporary relief;

    c. Appeals

    d. Post Conviction relief matters;

    e. Contempt of Court proceedings;

    f. Forfeiture proceedings brought by governmental entities;

    g. Mortgage foreclosures; and

    h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:**   **You must comply with the Supreme Court Rules regarding ADR.
Failure to do so may affect your case or may result in sanctions.**

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS
)
COUNTY OF CALHOUN )
) CASE NO.: 2017-CP-09-00098
Stan Wloch, )
)
Plaintiff, ) SUMMONS
)
vs. )
)
Great American Insurance Company, )
)
Defendant. )

TO THE DEFENDANT ABOVE-NAMED:

A lawsuit has been filed against you.

    Within 30 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the South Carolina Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorneys, Carl H. Jacobson and Jeff Buncher, Jr., at the address shown below. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

                      URICCHIO HOWE KRELL JACOBSON
                      TOPOREK THEOS & KEITH, P.A.

                      Carl H. Jacobson
                      Jeff Buncher, Jr.
                      PO Box 399 - Charleston, SC 29402
                      Tel.: (843) 723-7491; Fax: (843) 577-4179
                      ATTORNEYS FOR PLAINTIFF

May 25, 2017
Charleston, South Carolina

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF CALHOUN ) | |
| ) | CASE NO. 2017-CP-09-00098 |
| Stan Wloch, ) | |
| ) | |
| Plaintiff, ) | COMPLAINT |
| ) | Jury Trial Requested |
| vs. ) | |
| ) | |
| Great American Insurance Company, ) | |
| ) | |
| Defendant. ) | |

COMES NOW, Plaintiff in the above-captioned matter, by and through his undersigned attorney, and alleges by way of this Complaint as follows:

## JURISDICTIONAL ALLEGATIONS

1. Plaintiff is and was a citizen and resident of the State of Tennessee at all times relevant to this Complaint.

2. Defendant Great American Insurance Company, (hereinafter Insurance Company) is a corporation organized and existing under the laws of a state other than South Carolina, but regularly conducts business in the State of South Carolina. The motor vehicle collision which resulted in the Plaintiff's injuries and disability occurred in Calhoun County, South Carolina. The injuries are the basis for the claim that is the subject of this action.

3. The parties hereto, the subject-matter hereof, and all things and matters hereinafter alleged are within the jurisdiction of this Court.

4. Venue is proper before this Court.

### FOR A FIRST CAUSE OF ACTION
### (Breach of Insurance Contract)

5. Plaintiff was involved in a tractor-trailer collision on August 25, 2016.

1

6. Plaintiff has brought a third-party claim for bodily injuries arising out of said tractor-trailer collision in the case styled *Stan Wloch v. Earl Kenneth Brown and T. Roberts Clearing & Hauling, LLC*, 2017-CP-20-00045.

7. At all times herein mentioned, Plaintiff was Defendant's insured under policy number OA3276881, which provided coverage for, *inter alia*, occupational accident insurance.

8. Following said tractor-trailer collision, Plaintiff began receiving occupational accident insurance benefits from Defendant.

9. Prior to said tractor-trailer collision, Plaintiff had undergone back surgery.

10. Following said tractor-trailer collision, Plaintiff had complaints of back pain and new complaints of neck pain.

11. Following said tractor-trailer collision, Plaintiff treated with the doctor that performed Plaintiff's prior back surgery.

12. Plaintiff's treating doctor gave an opinion, to a reasonable degree of medical probability, that said tractor-trailer collision caused Plaintiff's neck pain, aggravated Plaintiff's prior back pain and that Plaintiff's inability to work was a result of said tractor-trailer collision.

13. Defendant then sent Plaintiff to a doctor for an "independent medical examination." Defendant would not allow Plaintiff's counsel to communicate with the "IME" doctor. The Defendant did not copy Plaintiff's counsel on the correspondence and communications with the "IME" doctor. Nor would the Defendant provide this information to Plaintiff's counsel when requested to do so.

14. Defendant chose not to provide the "IME" doctor with all of the relevant and necessary medical reports and records relative to Plaintiff and his injury.

15. As a result of Defendant choosing not to provide the "IME" doctor with all of the relevant and necessary medical reports and records relative to Plaintiff, the "IME" doctor found that

2

Plaintiff's injuries relative to said tractor-trailer collision had resolved. Upon receiving this information, Defendant terminated Plaintiff's occupational accident insurance benefits. This arbitrary and capricious decision to terminate the Plaintiff's benefits was done before asking Plaintiff's treating physician to review and comment on the "IME" doctor's opinions.

16. That at all times relevant hereto, the insurance policy aforementioned was in full force and effect and Plaintiff complied with all conditions precedent to payment of first party benefits.

17. Defendant breached its duty of good faith to its insured by "cherry-picking" which medical records and reports to send to the "IME" doctor and by terminating the benefits due under the insurance contract. As a result, Plaintiff is informed and believes that he is entitled to judgment against Defendant in an amount of actual and certain consequential damages, with interest, attorney's fees and costs.

### FOR A SECOND CAUSE OF ACTION
### (Bad Faith, Negligence)

18. Plaintiff incorporates all allegations of paragraphs above into this cause of action as if set forth verbatim.

19. Defendant has acted in bad faith and/or was negligent, reckless, willful and wanton in one or more of the following particulars, to-wit:

   (a) In unreasonably denying payment of Plaintiff's claim;

   (b) In failing to attempt in good faith to effect a fair, prompt and equitable settlement of the claim;

   (c) In acting in an arbitrary and capricious matter towards Plaintiff;

   (d) In failing to provide the "IME" doctor with a full and complete medical history of Plaintiff;

   (e) In compelling Plaintiff to institute a lawsuit to recover lawful benefits due

3

under the aforementioned policy;

(f) In failing to properly process the claim under the mutually binding insurance contract;

(g) In failing to use the degree of care and caution that a reasonable and prudent insurer would have used under the circumstances then and there prevailing;

(h) Throughout the course of dealings between Plaintiff and Defendant, in acting negligently, in bad faith, and in reckless disregard of the rights of its insured; and

(i) For such other acts and omissions that may become more apparent through the discovery and/or trial of this matter.

20. That as a direct and proximate result of Defendant's negligence, bad faith, recklessness and wantonness, Plaintiff has been damaged, including, but not limited to, actual damages created by the delay and the bad faith refusal of Defendant to pay the coverages provided under the policy, costs of hiring legal counsel to pursue the claim, costs and expenses associated with bringing this action, and the loss of interest on the money owed by Defendant due to their refusal to timely honor the claim; that Plaintiff is informed and believes that he is entitled to judgment against Defendant in an amount of actual and punitive damages to be determined at the trial of this action.

**WHEREFORE**, Plaintiff requests this Court grant Plaintiff's relief as requested in his Complaint; award actual damages, punitive damages, prejudgment and post judgment interest; attorney's fees; for the costs of this action and for such other relief the Court deems just and proper.

URICCHIO HOWE KRELL JACOBSON
TOPOREK THEOS & KEITH, P.A.

_____
Carl H. Jacobson
Jeff Buncher, Jr.
PO Box 399 - Charleston, SC 29402
Tel.: (843) 723-7491; Fax: (843) 577-4179
ATTORNEYS FOR PLAINTIFF

May 25, 2017
Charleston, South Carolina

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF CALHOUN ) | CIVIL ACTON No. 2017-CP-09-00098 |
| ) | |
| STAN WLOCH ) | |
| ) | |
| PLAINTIFF ) | **ACCEPTANCE OF SERVICE** |
| ) | |
| vs. ) | |
| ) | |
| GREAT AMERICAN INSURANCE ) | |
| COMPANY ) | |
| DEFENDANT. ) | |

I, _____, Registered Agent for the Great American Insurance Company, do hereby accept service of a copy of the Summons and Complaint, this _____ day of _____, 2017, with a Copy thereof retained by me.

_____
CT Corporation
2 Office Park Court, Suite 103
Columbia, SC 29223

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| COUNTY OF <u>CALHOUN</u> | ) FILED ) | |
| <u>Stan Wloch</u> | ) | CIVIL ACTION COVERSHEET |
| | 2017 Plaintiff(s) ) | |
| | ) KENNETH HAST | 2017-~~2017CP-09~~-00098 |
| vs. | ) CLERK OF COURT CALHOUN COUNTY | |
| <u>Great American Insurance Company</u> | ) ST. MATTHEWS, SC | |
| | Defendant(s) ) | |

| Submitted By: <u>Carl H. Jacobson</u> | SC Bar #: | 2942 |
|---|---|---|
| Address: <u>PO Box 399</u> | Telephone #: | 843-723-7491 |
| <u>Charleston, SC 29402</u> | Fax #: | 843-577-4179 |
| | Other: | |
| | E-mail: | carl@uricchio.com |

**NOTE:** The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION *(Check all that apply)*
**If Action is Judgment/Settlement do not complete*

- [X] **JURY TRIAL** demanded in complaint.  ☐ **NON-JURY TRIAL** demanded in complaint.
- [ ] This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
- [X] This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
- [ ] This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION *(Check One Box Below)*

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Conversion (310) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Motor Vehicle Accident (320) | ☐ Condemnation (410) |
| ☐ General (130) | ☐ Medical Malpractice (220) | ☐ Premises Liability (330) | ☐ Foreclosure (420) |
| ☐ Breach of Contract (140) | Previous Notice of Intent Case # | ☐ Products Liability (340) | ☐ Mechanic's Lien (430) |
| X Fraud/Bad Faith (150) | 20___-NI-____-_____ | ☐ Personal Injury (350) | ☐ Partition (440) |
| ☐ Failure to Deliver/ Warranty (160) | ☐ Notice/ File Med Mal (230) | ☐ Wrongful Death (360) | ☐ Possession (450) |
| ☐ Employment Discrim (170) | ☐ Other (299) _____ | ☐ Assault/Battery (370) | ☐ Building Code Violation (460) |
| ☐ Employment (180) | | ☐ Slander/Libel (380) | ☐ Other (499) _____ |
| ☐ Other (199) _____ | | ☐ Other (399) _____ | |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Public Service Comm. (990) |
| | | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |

| Special/Complex /Other | | | |
|---|---|---|---|
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Petition for Workers Compensation Settlement Approval (780) | |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | | ☐ Other (999) |
| ☐ Medical (620) | ☐ Out-of State Depositions (650) | ☐ Other (799) _____ | |
| ☐ Other (699) _____ | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | | |
| ☐ Sexual Predator (510) | ☐ Pre-Suit Discovery (670) | | |
| ☐ Permanent Restraining Order (680) | | | |

**Submitting Party Signature:** _____  **Date:** 5/25/17

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

**Effective January 1, 2016,** Alternative Dispute Resolution (ADR) is mandatory in all counties, pursuant to Supreme Court Order dated November 12, 2015.

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**Pursuant to the ADR Rules, you are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs.

4. Cases are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b. Requests for temporary relief;

    c. Appeals

    d. Post Conviction relief matters;

    e. Contempt of Court proceedings;

    f. Forfeiture proceedings brought by governmental entities;

    g. Mortgage foreclosures; and

    h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:** **You must comply with the Supreme Court Rules regarding ADR.**
**Failure to do so may affect your case or may result in sanctions.**

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS
)
COUNTY OF CALHOUN )
) CASE NO.: 2017-CP-09-00098
Stan Wloch, )
)
Plaintiff, ) SUMMONS
)
vs. )
)
Great American Insurance Company, )
)
Defendant. )

TO THE DEFENDANT ABOVE-NAMED:

A lawsuit has been filed against you.

  Within 30 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the South Carolina Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorneys, Carl H. Jacobson and Jeff Buncher, Jr., at the address shown below. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

URICCHIO HOWE KRELL JACOBSON
TOPOREK THEOS & KEITH, P.A.

_____
Carl H. Jacobson
Jeff Buncher, Jr.
PO Box 399 - Charleston, SC 29402
Tel.: (843) 723-7491; Fax: (843) 577-4179
ATTORNEYS FOR PLAINTIFF

May 25, 2017
Charleston, South Carolina

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF CALHOUN ) | CASE NO. 2017-CP-09-00098 |
| Stan Wloch, ) | |
| Plaintiff, ) | COMPLAINT |
| vs. ) | Jury Trial Requested |
| Great American Insurance Company, ) | |
| Defendant. ) | |

COMES NOW, Plaintiff in the above-captioned matter, by and through his undersigned attorney, and alleges by way of this Complaint as follows:

### JURISDICTIONAL ALLEGATIONS

1. Plaintiff is and was a citizen and resident of the State of Tennessee at all times relevant to this Complaint.

2. Defendant Great American Insurance Company, (hereinafter Insurance Company) is a corporation organized and existing under the laws of a state other than South Carolina, but regularly conducts business in the State of South Carolina. The motor vehicle collision which resulted in the Plaintiff's injuries and disability occurred in Calhoun County, South Carolina. The injuries are the basis for the claim that is the subject of this action.

3. The parties hereto, the subject-matter hereof, and all things and matters hereinafter alleged are within the jurisdiction of this Court.

4. Venue is proper before this Court.

### FOR A FIRST CAUSE OF ACTION
**(Breach of Insurance Contract)**

5. Plaintiff was involved in a tractor-trailer collision on August 25, 2016.

1

6. Plaintiff has brought a third-party claim for bodily injuries arising out of said tractor-trailer collision in the case styled *Stan Wloch v. Earl Kenneth Brown and T. Roberts Clearing & Hauling, LLC*, 2017-CP-20-00045.

7. At all times herein mentioned, Plaintiff was Defendant's insured under policy number OA3276881, which provided coverage for, *inter alia*, occupational accident insurance.

8. Following said tractor-trailer collision, Plaintiff began receiving occupational accident insurance benefits from Defendant.

9. Prior to said tractor-trailer collision, Plaintiff had undergone back surgery.

10. Following said tractor-trailer collision, Plaintiff had complaints of back pain and new complaints of neck pain.

11. Following said tractor-trailer collision, Plaintiff treated with the doctor that performed Plaintiff's prior back surgery.

12. Plaintiff's treating doctor gave an opinion, to a reasonable degree of medical probability, that said tractor-trailer collision caused Plaintiff's neck pain, aggravated Plaintiff's prior back pain and that Plaintiff's inability to work was a result of said tractor-trailer collision.

13. Defendant then sent Plaintiff to a doctor for an "independent medical examination." Defendant would not allow Plaintiff's counsel to communicate with the "IME" doctor. The Defendant did not copy Plaintiff's counsel on the correspondence and communications with the "IME" doctor. Nor would the Defendant provide this information to Plaintiff's counsel when requested to do so.

14. Defendant chose not to provide the "IME" doctor with all of the relevant and necessary medical reports and records relative to Plaintiff and his injury.

15. As a result of Defendant choosing not to provide the "IME" doctor with all of the relevant and necessary medical reports and records relative to Plaintiff, the "IME" doctor found that

Plaintiff's injuries relative to said tractor-trailer collision had resolved. Upon receiving this information, Defendant terminated Plaintiff's occupational accident insurance benefits. This arbitrary and capricious decision to terminate the Plaintiff's benefits was done before asking Plaintiff's treating physician to review and comment on the "IME" doctor's opinions.

16. That at all times relevant hereto, the insurance policy aforementioned was in full force and effect and Plaintiff complied with all conditions precedent to payment of first party benefits.

17. Defendant breached its duty of good faith to its insured by "cherry-picking" which medical records and reports to send to the "IME" doctor and by terminating the benefits due under the insurance contract. As a result, Plaintiff is informed and believes that he is entitled to judgment against Defendant in an amount of actual and certain consequential damages, with interest, attorney's fees and costs.

## FOR A SECOND CAUSE OF ACTION
### (Bad Faith, Negligence)

18. Plaintiff incorporates all allegations of paragraphs above into this cause of action as if set forth verbatim.

19. Defendant has acted in bad faith and/or was negligent, reckless, willful and wanton in one or more of the following particulars, to-wit:

(a) In unreasonably denying payment of Plaintiff's claim;

(b) In failing to attempt in good faith to effect a fair, prompt and equitable settlement of the claim;

(c) In acting in an arbitrary and capricious matter towards Plaintiff;

(d) In failing to provide the "IME" doctor with a full and complete medical history of Plaintiff;

(e) In compelling Plaintiff to institute a lawsuit to recover lawful benefits due

3

under the aforementioned policy;

(f) In failing to properly process the claim under the mutually binding insurance contract;

(g) In failing to use the degree of care and caution that a reasonable and prudent insurer would have used under the circumstances then and there prevailing;

(h) Throughout the course of dealings between Plaintiff and Defendant, in acting negligently, in bad faith, and in reckless disregard of the rights of its insured; and

(i) For such other acts and omissions that may become more apparent through the discovery and/or trial of this matter.

20. That as a direct and proximate result of Defendant's negligence, bad faith, recklessness and wantonness, Plaintiff has been damaged, including, but not limited to, actual damages created by the delay and the bad faith refusal of Defendant to pay the coverages provided under the policy, costs of hiring legal counsel to pursue the claim, costs and expenses associated with bringing this action, and the loss of interest on the money owed by Defendant due to their refusal to timely honor the claim; that Plaintiff is informed and believes that he is entitled to judgment against Defendant in an amount of actual and punitive damages to be determined at the trial of this action.

**WHEREFORE**, Plaintiff requests this Court grant Plaintiff's relief as requested in his Complaint; award actual damages, punitive damages, prejudgment and post judgment interest; attorney's fees; for the costs of this action and for such other relief the Court deems just and proper.

URICCHIO HOWE KRELL JACOBSON
TOPOREK THEOS & KEITH, P.A.



Carl H. Jacobson
Jeff Buncher, Jr.
PO Box 399 - Charleston, SC 29402
Tel.: (843) 723-7491; Fax: (843) 577-4179
ATTORNEYS FOR PLAINTIFF

May 25, 2017
Charleston, South Carolina